IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KIM AND ESTHER LAURELL, *et al.*,

       Plaintiffs,

                                  Case No. 2:15-cv-2993
    v.                          Judge Michael H. Watson
                                    Magistrate Judge Elizabeth P. Deavers

KEVIN J. ANDERSON, *et al.*,

       Defendants.

## REPORT AND RECOMMENDATION

Plaintiffs, Kim and Esther Laurell ("Laurells") and Jeffrey and Anita Caspers ("Caspers") (collectively "Plaintiffs"), brought this action in state court against Kevin J. Anderson and James R. Harrison ("Defendants"), asserting state-law trespass and nuisance claims and seeking an order enjoining Defendants from protesting and posting signs on their land.  Defendants removed the action to this Court on the basis of federal question jurisdiction.  This matter is before the Undersigned for a Report and Recommendation on Plaintiffs' Motion to Remand (ECF No. 6), Defendants' Memorandum in Opposition (ECF No. 9), and Plaintiffs' Reply (ECF No. 10).  For the reasons that follow it is **RECOMMENDED** that Plaintiffs' Motion be **GRANTED**.

### I.

The Laurells and Caspers are Westerville, Ohio residents and neighbors who share a common driveway.  Plaintiffs reside on Cooper Road across from Vineyard Christian Fellowship of Columbus ("Vineyard"), a nonprofit corporation operating a church.  Cooper Road is a two-lane, twenty-four-foot-wide road that runs North-South through Westerville, Ohio.  The

centerline of Cooper Road operates as the eastern boundary line of Plaintiffs' property. Defendants are Ohio residents who, along with others, began staging and participating in demonstrations against Vineyard in October 2012 on both sides of Cooper Road, including on Plaintiffs' property and shared driveway.

Plaintiffs allege that Defendants conducted these demonstrations on their property without asking permission, placing large signs and lawn chairs on the edge of their properties and blocking their shared driveway.  On the section of Cooper Road in question, Vineyard's church and complex lie on the east side, and the Plaintiffs' property lies on the west side.  No sidewalk or berm runs along the frontage of either Plaintiffs' or Vineyard's properties.  Plaintiffs have continuously mowed and maintained the grassy shoulder running along the edge of Cooper Road.  Defendants ignored Plaintiffs' requests to leave their properties and stop blocking their driveway.  Plaintiffs allege that Defendants' activities have contributed to minor accidents on Cooper Road and deprived them of the quiet and peaceable enjoyment of their properties.  Plaintiffs further allege Defendants have expressed their desire and intent to continue to enter and place unauthorized signs on their properties.

On October 13, 2015, Plaintiffs filed the instant action in the Franklin County Court of Common Pleas.  They filed their Amended Verified Complaint for Declaratory and Injunctive Relief on October 15, 2016.  Plaintiffs assert state-law claims for trespass and nuisance and seek monetary and injunctive relief.

Plaintiffs indicate in the introductory section of their Amended Verified Complaint that this action is related to a case pending on appeal before the Tenth Appellate District, *Vineyard Christian Fellowship of Columbus d/b/a/ Vineyard v. Kevin Anderson, et al.*, 15AP-151, 15AP-230, which was initially filed in the Franklin County Court of Common Pleas, Case No. 13CV-

7198 (the "Vineyard State-Court Action"). Plaintiffs further state that Defendants were also defendants in the Vineyard State-Court Action in which Vineyard asserted the same claims and sought the same relief that they now seek in the instant action. They attach the Vineyard State-Court Action's Decision and Entry Granting Permanent Injunction to their Amended Verified Complaint and summarize the state-court's holding. (ECF Nos. 31 and 31-1.) Plaintiffs assert that because their property rights mirror Vineyard's, the Vineyard State-Court Action's Decision and Entry Granting Permanent Injunction "would appear to equally apply to this case." (Pls.' Am. Compl. ¶ 4, ECF No. 31.)

Plaintiffs also note within their introductory section that following their loss in the Vineyard State-Court Action, Defendants filed a suit against the Laurells and the City of Columbus in this Court, Case 2:15-cv-1030 (the "1030 Action"). Plaintiffs attached the amended complaint in the 1030 Action to their Amended Verified Complaint in the instant action. (ECF No. 31-2.) Plaintiffs also attach the Laurells' Motion to Dismiss for lack of subject matter jurisdiction filed in the 1030, asserting that they "expect that their Motion to Dismiss will be granted . . . ." (Pls.' Am. Compl. ¶ 7, ECF No. 31; ECF No. 31-3.) On March 28, 2016, the Court granted the Laurells' Motion to Dismiss, dismissing them as defendants in the 1030 Action.[1] (1030 Action, ECF No. 29.)

Defendants filed a Notice of Removal on November 13, 2015, asserting that this Court has original jurisdiction under 28 U.S.C. §1331. (ECF No. 1.) Defendants state in their Notice of Removal that the instant action "is a thinly veiled recast" of the 1030 Action, wherein Defendants "seek a declaration of their First Amendment rights to free speech and free assembly

---

[1] The Court takes judicial notice of the docket in the 1030 Action pursuant to Federal Rule of Evidence 201(b).

on a public right of way, a strip of land which Plaintiffs (contrary to fact and law) claim as their own private property." (*Id*. at 2.)

Plaintiffs filed the subject Motion to Remand on December 14, 2015. (ECF No. 6.) Plaintiffs maintain that there is no basis in law or fact for the removal and that Defendants removed this action to avoid a similar result as obtained in the Vineyard State-Court Action. Plaintiffs explain that they assert only state-law claims for trespassing and nuisance. In addition to their request to remand this case to state court, Plaintiffs ask this Court to order Defendants to pay their costs, including attorney's fees, incurred to oppose the improper removal of this action.

In their Memorandum in Opposition, Defendants first assert that in attaching the Amended Complaint from the 1030 Action to their Amended Verified Complaint in the instant action, Plaintiffs have necessarily incorporated the allegations and federal claims asserted therein as a part of part of this action. Defendants reason that the federal claims they have raised in the 1030 Action therefore "confer removal jurisdiction" on this Court. (Defs.' Mem. in Opp. 8, ECF No. 9.) Defendants alternatively assert that Plaintiffs' Amended Verified Complaint is "artificial" because they have "devised a ploy . . . to de-constitutionalize a [the 1030 Action] to prevent federal review of a federal issue." (*Id*. at 10–11.) Defendants maintain that the state trial and appellate courts reached the wrong result in finding in favor of Vineyard and assert that this is "why Plaintiffs want so badly to keep this dispute in state court, and why Defendants have no confidence that their federal rights will [be] protected or even analyzed there." (*Id*. at 14.) Defendants submit that that not only does the instant action belong in this Court, but that this case and the 1030 Action "should be promptly consolidated." (*Id*.) Defendants also assert that Plaintiffs' request for attorney's fees and costs is without merit.

In their Reply, Plaintiffs emphasize that they only assert claims arising under Ohio law and again assert that Defendants lacked a good faith basis to remove this action.

## II.

Generally, a defendant may remove a case brought in a state court to federal court if it could have been brought there originally.  28 U.S.C. § 1441(a).  *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).  The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).  Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution.  *Id.* (citation omitted).  For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000.  *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

As set forth above, Defendants maintain that federal question jurisdiction exists in this action.  Thus, this Court must consider whether Plaintiffs' "allegations establish original jurisdiction founded on a claim or right arising under federal law."  *Mikulski v. Centerior Entery Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (internal quotation marks and citations omitted).  The United States Supreme Court has held that in order "[t]o determine whether the claim arises under federal law, [a court must] examine the 'well pleaded' allegations of the complaint and ignore potential defenses[.]"  *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).  "Even 'a defense that relies on the preclusive effect of a prior federal judgment or the pre-emptive effect of a federal statute will not provide a basis for removal.'"  *Mikulski*, 501 F.3d at 560.  In

5

*Mikulski*, the United States Court of Appeals for the Sixth Circuit identified exceptions to the

well-pleaded complaint rule as follows:

> There are exceptions to the well-pleaded complaint rule. [*Anderson*, 539 U.S. at 6.] One exception is the artful-pleading doctrine: plaintiffs may not "avoid removal jurisdiction by artfully casting their essentially federal law claims as state-law claims." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (quotation marks, citations, and edits omitted). A related exception is the complete-preemption doctrine: removal is proper "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat'l Bank,* 539 U.S. at 8, 123 S.Ct. 2058. A third exception is the substantial-federal-question doctrine, which applies "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trus*t, 463 U.S. 1, 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Thus, under limited circumstances, a defendant may force a plaintiff into federal court despite the plaintiff's desire to proceed in state court.

*Mukulski*, 501 F.3d at 560.

"As always, the party invoking federal jurisdiction has the burden to prove that

jurisdiction." *Glob. Tech., Inc. v. Yubei (Xinxiang) Power Steering Sys. Co., Ltd*., 807 F.3d 806,

810 (6th Cir. 2015).

### III.

### A.      Federal Question Jurisdiction

The Undersigned finds that Defendants have failed to satisfy their burden to establish

federal question jurisdiction. Contrary to Defendants' initial contention, the exhibits Plaintiffs

attach to their Amended Verified Complaint, including the state-court decision in the Vineyard

State-Court Action and the complaint in the 1030 Action do not "confer removal jurisdiction on

this Court," (Defs.' Mem. in Opp. 8, ECF No. 9). Defendants' reliance upon Federal Rule of

Civil Procedure 10(c) in support of their contention is misplaced.

Rule 10(c) provides that "a statement in a pleading *may be adopted by reference*

elsewhere in the same pleading or in any other pleading or motion" and further provides that "[a]

copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c) (emphasis added).  Contrary to Defendants' apparent assertion, however, "Rule 10(c) does not require a plaintiff to adopt every word within the exhibits as true for purposes of pleading simply because the documents were attached to the complaint to support an alleged fact." *Jones v. City of Cincinnati*, 521 F.3d 555, 561 (6th Cir. 2008) (internal quotation marks and citation omitted).

Applied here, even if the Court assumes that the copies of the state-court decision or the complaint in the 1030 Action constitute "written instruments," such that they become part of Plaintiffs' Amended Verified Complaint, the allegations or federal claims asserted in the 1030 Action do not necessarily or automatically become part of the instant action.  Significantly, Plaintiffs did not adopt by reference any the allegations set forth in the 1030 Action.  Rather, Plaintiffs offered the state-court decision and the complaint in the 1030 Action as exhibits in support of their introductory allegations concerning the history of litigation relating to the protestors' activities.  For example, Plaintiffs attached the complaint in the 1030 Action in support of their allegation that Defendants had brought that action.  Under these circumstances, the Exhibits at issue do not confer federal questions jurisdiction.  *Cf.*, *id*. (holding that attachment of a transcript of defendant's unilateral statements to complaint did not mean that the plaintiff adopted those statements but instead showed that the defendant had made such statements); *Franklin v. Dudley*, No. CIV S-07-2259, 2009 WL 3073930, at \*3 (E.D. Cal. Sept. 22, 2009) (statements defendant made in grievance were not adopted into complaint where plaintiff attached grievance to complaint to prove exhaustion of administrative remedies, and nothing in the complaint suggested that the plaintiff was adopting as true the defendant's statements).

Defendants' alternative argument, that Plaintiffs have artificially asserted state-law claims as a ploy to de-constitutionalize the 1030 Action is also unavailing.  Indeed, the Court's dismissal of the Laurells as defendants from the 1030 Action demonstrates the fallacy of Defendants' assertions that the instant action is the same case as the 1030 Action such that they "should be promptly consolidated," (Defs.' Mem. in Opp. 14, ECF No. 9).

In *Mikulski*, the Sixth Circuit offered the following discussion regarding the artful pleading doctrine upon which Defendants rely to assert that this Court has federal question jurisdiction over the instant action:

> Under the artful-pleading doctrine, a federal court will have jurisdiction if a plaintiff has carefully drafted the complaint so as to avoid naming a federal statute as the basis for the claim, and the claim is in fact based on a federal statute. *Franchise Tax Bd.*, 463 U.S. at 22, 103 S.Ct. 2841. A defendant raising this doctrine may not rely on facts not alleged in the complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 397, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). "Although occasionally [a] removal court will seek to determine whether the real nature of the claim is federal, regardless of plaintiff's characterization, most of them correctly confine this practice to areas of the law pre-empted by federal substantive law." *Id.* at 397 n. 11, 107 S.Ct. 2425 (quotation marks and edits omitted) (citing *Federated Dep't Stores*, 452 U.S. at 410 n. 6, 101 S.Ct. 2424 (Brennan, J., dissenting)). Thus, artful pleading and preemption are closely aligned.

*Mikulski*, 501 F.3d at 561.

Here, the Undersigned finds no basis upon which this Court could conclude that Plaintiffs have carefully structured their Amended Verified Complaint to avoid federal jurisdiction. Plaintiffs have asserted state, common-law causes of action for trespass and nuisance. Significantly, Defendants fail to identify, and the Undersigned is unable to discern, what federal cause of action that Plaintiffs might have brought based upon the allegations they assert in their Amended Verified Complaint.  Moreover, it is beyond dispute that federal law does not preempt Plaintiffs' state-law claims.  Rather, Plaintiffs' claims involve an inquiry into whether they have

a possessory interest in the land at issue, which is a matter of state, not federal, law.  That

Defendants may advance a defense that implicates a federal question does not create federal

question jurisdiction.  *Mikulski*, 501 F.3d at 560; *Chase Manhattan Mortg. Corp. v. Smith*, 507

F.3d 910, 914–15 (6th Cir. 2007) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804,

808 (1986) ("[I]t is well settled that federal counterclaims and defenses are 'inadequate to confer

federal jurisdiction.'").  Finally, Defendants' expressed dissatisfaction with the state-court

rulings in the Vineyard State-Court Action and their lack of confidence in the state court to

resolve the claims Plaintiffs advance is not a proper basis upon which to invoke federal court

jurisdiction.

> In sum, it is **RECOMMENDED** that the Court **REMAND** this action to state court.

**B.      Costs and Attorney's Fees Under 28 U.S.C. § 1447(c)**

When a court determines that the removal of a state-court case to federal court was

improper, "the action must be remanded, and the order 'may require payment of just costs and

actual expenses, including attorney fees, incurred as a result of the removal.'"  *Kent State Univ.*

*Bd. of Trustees v. Lexington Ins. Co.*, 512 F. App'x 485, 488–89 (6th Cir. 2013) (quoting 28

U.S.C. § 1447(c)).  An award of costs and fees under § 1447(c) is discretionary, "but subject to

the guidance set forth by the Supreme Court in *Martin v. Franklin Capital Corp.*, 546 U.S. 132,

136–37 (2005)."  *Id.* (citing *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir.

2008).  In *Martin*, the Supreme Court imposed an objective reasonableness standard, limiting a

court's discretion to award fees to those cases in which "the removing party lacked an

objectively reasonable basis for seeking removal."  546 U.S. at 141.  The United States Court of

Appeals has similarly held that an award of costs and fees under § 1447(c) "is inappropriate

where the defendant's attempt to remove the action was fairly supportable, or where there has

not been at least *some* finding of fault with the defendant's decision to remove." *Wartham*, 549 F.3d at 1059–60 (internal quotation marks and citation omitted).

Applied here, although the record does not bear out any allegation that Defendants acted maliciously or wantonly in forwarding their agenda through this litigation, the Undersigned finds that they lacked an objectively reasonable basis for removal of this case to federal court. Defendants removed this action on the basis of federal question jurisdiction despite their concession that Plaintiffs had asserted only state-law claims.  As discussed above, Defendants' reliance upon the artful-pleading doctrine exception to the well-pleaded complaint rule was unreasonable in light of the applicable, well-settled authority.

The Undersigned therefore **RECOMMENDS** that the Court award Plaintiffs their reasonable attorney's fees and costs incurred as a result of removal pursuant to 28 U.S.C. § 1447(c).  In the event the Court determines that an award of fees is appropriate, Plaintiff may file a fee petition within seven (7) days of any order adopting this Report and Recommendation.  The parties are encouraged to reach an agreement regarding the appropriate amount of fees to be awarded.

## IV.

For the reasons set forth above, it is **RECOMMENDED** that the Court **GRANT** Plaintiffs' Motion for Remand (ECF No. 6) and **REMAND** this action to the Franklin County Court of Common Pleas Civil Division, Ohio.  It is further **RECOMMEDED** that the Court **GRANT** Plaintiffs' request for an award of attorney's fees and costs pursuant to pursuant to 28 U.S.C. § 1447(c).  In the event the Court determines that an award of fees is appropriate, Plaintiff may file a fee petition **WITHIN SEVEN (7)** days of any order adopting this Report and

10

Recommendation. The parties are encouraged to reach an agreement regarding the appropriate amount of fees to be awarded.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report an recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waiver. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: April 7, 2016                             s/ *Elizabeth A. Preston Deavers*
                                                ELIZABETH A. PRESTON DEAVERS
                                                UNITED STATES MAGISTRATE JUDGE