UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kim Laurell, *et al.*,

    Plaintiffs,

    v.

Kevin J. Anderson, *et al.*,

    Defendants.

Case No. 2:15–cv–2993

Judge Michael H. Watson

## OPINION AND ORDER

Defendants object to the Magistrate Judge's Report and Recommendation ("R&R"), ECF No. 11, recommending the Court grant Plaintiffs' motion to remand and motion for attorney's fees, Mot., ECF No. 6. Obj., ECF No. 12. For the following reasons, the Court **OVERRULES** Defendants' objections in part and **SUSTAINS** them in part, **ADOPTS IN PART** the R&R, **GRANTS** Plaintiffs' motion to remand, and **DENIES** Plaintiffs' motion for attorney's fees.

### I.    BACKGROUND

Kim and Esther Laurell and Jeffrey and Anita Caspers ("Plaintiffs") initiated suit in the Franklin County Court of Common Pleas asserting claims against Kevin Anderson, James Harrison (collectively, "Defendants"), and Vineyard Christian Fellowship of Columbus[1], alleging violation of Ohio state law for trespass and nuisance and seeking monetary and injunctive relief.

---

[1] It is unclear whether the Vineyard Christian Fellowship of Columbus was ever served or is a proper party.

Defendants removed the case to federal court, stating "th[is] state court action is a thinly veiled recast of a dispute, already before this Court in *Anderson v. City of Columbus*, Case No. 2:15-cv-1030, wherein Defendants Anderson and Harrison seek a declaration of their First Amendment rights . . . ." Notice, ECF No. 1.

Plaintiffs filed motion for a temporary restraining order, which is now pending before this Court.

Plaintiffs move to remand this case to state court. Plaintiffs also move for attorney's fees. Defendants Anderson and Harrison opposed Plaintiffs motions. The Magistrate Judge recommends granting both motions.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### IV. ANALYSIS

#### A. Motion to Remand

The Magistrate Judge concluded that Defendants failed to satisfy their

burden to establish federal question jurisdiction because simply attaching a federal court complaint does not confer "removal jurisdiction" under Federal Rule of Civil Procedure 10(c). Fed. R. Civ. Pro. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Assuming for purposes of her analysis that the complaint was a "written instrument" as required under Rule 10(c), the Magistrate Judge determined that Plaintiffs did not adopt by reference any of the allegations contained in the attached federal complaint but rather attached the federal court complaint as evidence that the federal action had commenced. The Magistrate Judge also discounted Defendants' alternate theory that Plaintiffs carefully constructed their state court complaint to avoid federal jurisdiction.

Defendants object arguing two exceptions to the well-pleaded complaint rule. See *Mikulski v. Centerior Entery Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (articulating the well-pleaded complaint rule and the exceptions). Plaintiffs respond arguing that Defendants make the same arguments that they made in their response to the motion and submit that Plaintiffs "are not seeking relief under any federal statute or policy." Resp. 3, ECF No. 13.

Removal is appropriate if a case could have originally been brought in federal court. Here, there is no diversity of parties required for federal jurisdiction under 28 U.S.C. § 1332. Rather, Defendants removed this case under 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all

civil actions arising under the Constitution, law, or treaties of the United States." Defendants concede that, on its face, Plaintiffs' state court complaint does not invoke any federal question jurisdiction.

The well-pleaded complaint rule requires the Court to consider whether Plaintiffs' allegations establish original jurisdiction. *Mikulski*, 501 F.3d at 560. There are three exceptions to this rule; two exceptions are argued here: the artful-pleading doctrine and substantial federal question doctrine.

### 1. First Objection

Defendants first "object to any conclusion in the *Report* suggesting that Plaintiffs' state court complaint can be severed from core First Amendment principles." Obj. 6, ECF No. 12. Defendants appear to argue the artful-pleading doctrine.

The artful-pleading doctrine prohibits plaintiffs from "avoiding removal jurisdiction by artfully casting their essentially federal law claims as state-law claims." *Mikulski*, 501 F.3d at 560.

The Court does not find Defendants argument well taken. Defendants confuse the rights that *Plaintiffs* seek to assert in this case with the rights that Defendants seek to assert in the federal court action. Plaintiffs seek to assert their property rights provided under Ohio law. Defendants seek to assert their rights secured under the First Amendment. Under the artful-pleading doctrine, Courts look to what, if any, are a plaintiff's essentially federal law claims. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 n.2 (1981)

("[R]espondents had attempted to avoid removal jurisdiction by artfully casting their essentially federal law claims as state-law claims.") (internal modifications and quotation marks omitted). Here, it is undisputed that Plaintiffs' claims rest on the property rights provided under the Ohio constitution. Defendants fail to identify what federal question that Plaintiff is attempting to artfully plead around. *Glob. Tech., Inc. v. Ybei (Xinxiang) Power Steering Sys. Co., Ltd.*, 807 F.3d 806, 810 (6th Cir. 2015) ("As always, the party invoking federal jurisdiction has the burden to prove that jurisdiction."). The Court finds none.

Defendants argument that because its First Amendment rights are impinged by Plaintiffs' rights does not recognize the spirit of the exception, which only looks to the claims *asserted by a plaintiff*.

For this reason, the Court overrules Defendants' first objection.

### 2. Second Objection

Defendants next object to the Magistrate Judge's finding that Plaintiffs did not incorporate the allegation of the federal court complaint because the "two complaints [the instant case's complaint and the federal court complaint] revealed that Defendants' rights under the First Amendment were central to a determination of both cases." *Id.* at 6–7. Defendants appear to argue the substantial federal-question doctrine exception to the well-pleaded complaint rule. This doctrine applies "where the vindication of a right under state law necessarily turn[s] on some construction of federal law. *Mikulski*, 501 F.3d at 560 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9

(1983)).

In *Franchise Tax Board*, the Supreme Court found that the appellant's claim for declaratory relief and claim of alleged wrongdoing by appellees under state law "clearly encompass[ed] questions governed by ERISA," a federal law. 463 U.S. at 14. Therefore, the Court found that the appellant could not obtain relief it seeks in its cause of action without a "construction" of ERISA. *Id.*

Here, the Court would not need to interpret the First Amendment to determine whether Defendants violated Plaintiffs' property rights. Defendants attempt to place a square peg in a round hole. Defendants may have been properly exercising their First Amendment rights, which may constitute a defense to Plaintiffs' allegations. However, in assessing Plaintiffs' claims, the Court need not look to the First Amendment to decide whether *Plaintiffs* present a legally cognizable cause of action. Put another way, a federal question is not a necessary element of Plaintiffs' state-law claims.

For this reason, the Court overrules Defendants' second objection.

### 3. Third Objection

Defendants' third objection is based on the Court's reliance on an Opinion and Order decided by the Undersigned in the other federal action because a motion for reconsideration of that decision remains pending. The Magistrate Judge did not base her ruling on this ground; rather the decision bolstered her conclusion that the instant case should not be consolidated with the other federal

action. The Magistrate Judge (as did the Undersigned above) considered the merits of Defendants' argument under the artful-pleading doctrine.

### 4. Fourth Objection

Fourth, Defendants object to the Magistrate Judge's "suggestion that Defendants have invoked federal court jurisdiction merely because of their lack of confidence in the courts of Franklin County, Ohio." Obj. 8, ECF No. 12. They posit: "It is the federal question, not Defendants' unhappiness with the state courts' unwillingness to deal with it, which creates federal jurisdiction." *Id.*

This argument does not raise an independent objection to the R&R. As the Court overrules Defendants' objections arguing that Plaintiffs invoked federal court jurisdiction, the Court overrules this objection as well.

### B. Motion for Attorney's Fees

Defendants argue that they had a reasonable basis to remove this action. First, Defendants argue that the factors and exceptions to support removal are complicated and debatable. Obj. 10, ECF No. 12 (citing *Mikulski*, 501 F.3d 555 (6th Cir. 2007)). Second, Defendants argue that Plaintiffs failed to disclose facts necessary to determine jurisdiction. *Id.* at 10–11 (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005)). Third, Defendants argue that their "efforts to minimize the litigation should not be punished with attorney fees." *Id.* at 11–12.

Plaintiffs argue that "[b]ecause Plaintiffs' state law claims are not completely preempted or even dependent upon the interpretation of a federal

statute or right conferred by federal law, the Defendants lacked a good faith basis to remove this case." Resp. 4, ECF No. 13.

The Court finds Defendants' first and third contentions meritorious. Awarding attorneys' fees is based on an objective reasonableness standard. *Martin*, 546 U.S. at 141. The exceptions to the well-pleaded complaint are not widely reviewed and the facts of this case are (as Defendants characterized them) "unusual enough." Obj. 10, ECF No. 10. The Court agrees with the Magistrate Judge that the Defendants did not act maliciously or wantonly and declines to exercise its discretion to award Plaintiffs' attorney's fees.

Thus, the Court **SUSTAINS** Defendants' objection insofar as it **DECLINES** to adopt the R&R on Plaintiffs' motion for attorney's fees.

## V. CONCLUSION

In sum, the Court **OVERRULES IN PART** and **SUSTAINS IN PART** Defendants' objection, ECF No. 12, **ADOPTS IN PART** the Magistrate Judge's R&R, ECF No. 11, **GRANTS** Plaintiffs' motion to remand, and **DENIES** Plaintiffs' motion for attorney's fees.

The case shall be remanded to the Court of Common Pleas of Franklin County for further proceedings.

**IT IS SO ORDERED.**

_/s/ Michael H. Watson_
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT